IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CV-353-FL

| | |
|---|---|
| LENT CHRISTOPHER CARR, II; ISAAC JENKINS; ANGELA M. SCHWARZ; HARLEY JOHNSON; and CONCERNED CITIZENS FOR COMMUNITY ACTION, c/o Isaac Jenkins (CCFCA) Hoke County Chapter, <br><br> Plaintiffs, <br><br> v. <br><br> NORTH CAROLINA STATE BOARD OF ELECTIONS, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **ORDER** |

This matter comes before the court on motion to dismiss by defendant North Carolina State Board of Elections ("NCSBE"). (DE 21). The motion has been briefed fully and, in this posture, the issues raised are ripe for ruling. For the following reasons, the motion is granted.

### STATEMENT OF THE CASE

Plaintiffs, all proceeding pro se, filed this action September 6, 2022 arising out of a primary election protest. Plaintiffs seek a declaratory judgment holding various actions of NCSBE void; an injunction against NCSBE to place Plaintiff Lent Christopher Carr, II ("Carr") on the November 8, 2022 general election ballot; an order disqualifying Adam Thomas, Carr's opponent, from running for office; a certificate of nomination to Carr; and an order directing the appointment of a special prosecutor.

Defendant NCSBE filed the instant motion to dismiss on the grounds that the court lacks

both subject matter and personal jurisdiction, the court should abstain from ruling even if jurisdiction exists, and that plaintiffs fail to state a claim.

## STATEMENT OF FACTS

The relevant facts alleged in the Complaint, attachments thereto, and the public record may be summarized as follows.[1]

A.  Hoke County Election

Plaintiff Lent Carr II ("Carr") ran as a candidate for Hoke County Board of Commissioners in a primary election scheduled for May 17, 2022. (See DE 1-1 at 49). In February 2022, Carr reported to the Hoke County Board of Elections that Allen Thomas ("Thomas"), an incumbent Democratic Hoke County Commissioner, had offered Carr $20,000.00 to refrain from running in the primary, and he made an additional report May 9, 2022 that Thomas was bribing voters. (See Compl. ¶ 3). Thomas allegedly gave money to a voter at a curbside voting site May 10, 2022. See id.

The top three primary candidates became the Democratic Party's candidates for the general election held November 8, 2022. (See Compl. ¶ 26) and plaintiff Carr placed fourth in the primary. (See DE 1-1 at 49). The Hoke County Board of Elections certified the results of the 2022 primary June 29, 2022, (See DE 1-1 at 85) and ballots for the November election began printing August 12, 2022. (See Compl, ¶ 33).

B.  Carr's Election Protest and Subsequent Appeals

Plaintiff Carr filed a protest with the Hoke County Board of Elections ("HCBE") seeking Thomas's disqualification from the 2022 primary election May 20, 2022. (See DE 1-1 at 56, 53).

---

[1] The court " may properly take judicial notice of matters of public record." Sec' y of State For Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007). Additionally, the court "may consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Id.

HCBE denied Carr's protest where "the protest [did] not establish probable cause to believe that a violation of election law or regulatory of [sic] misconduct has occurred" May 25, 2022. (See DE 1-1 at 52). Carr appealed the decision of the HCBE to NCSBE, (see DE 1-1 at 49), which denied the appeal June 13, 2022 without hearing. (See DE 1-1 at 48).

Plaintiff Carr submitted an appeal to the Wake County Superior Court ("Superior Court") seeking a writ of mandamus and motion for temporary stay dated and notarized June 23, 2022, (See DE 1-1 at 46), and file stamped June 27, 2022. (See DE 1-1 at 17). The Superior Court denied the motion as moot because Carr failed to obtain a stay within ten days of June 13, 2022, the day that NCSBE had denied his appeal of the election protest. (See Compl. ¶ 33).

Plaintiff Carr filed a petition for writ of supersedeas, motion for temporary stay, and motion for expedited appeal with the North Carolina Court of Appeals August 10, 2022. (See Compl. at 12). The North Carolina Court of Appeals denied the motion for temporary stay August 11, 2022, (See DE 22-8 at 2), denied the motion to expedite August 25, 2022, (See DE 22-8 at 3), and denied the petition for supersedeas August 29, 2022 (See DE 22-8 at 4).

## COURT'S DISCUSSION

A.  Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Bain, 697 F.2d at 1219. Where a defendant raises a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts

3

alleged in the complaint," the court accepts " the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).[2]

A motion to dismiss under Rule 12(b)(2) challenges the court's exercise of jurisdiction over a party. "When a district court considers a question of personal jurisdiction based on the contents of a complaint and supporting affidavits, the plaintiff has the burden of making a prima facie showing in support of its assertion of jurisdiction." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014). At this stage, the court "must construe all relevant pleading allegations in the light most favorable to plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989); see Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993) ("[T]he district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor.").

B. Analysis

1. Standing

The court addresses first defendant's argument that the case should be dismissed for lack of standing. "Article III of the Constitution confines the federal courts to adjudicating actual cases and controversies." Allen v. Wright, 468 U.S. 737, 751 (1984). Courts "enforce that requirement by insisting that a plaintiff satisfy the familiar three-part test for Article III standing: that he 1) suffered an injury in fact, 2) that is fairly traceable to the challenged conduct of the defendant, and 3) that is likely to be redressed by a favorable judicial decision." Gill v. Whitford, 138 S.Ct. 1916, 1929 (2018). Plaintiffs seeking declaratory and injunctive relief must also "establish an ongoing or future injury in fact." Kenny, 885 F.3d at 287 (4th Cir. 2018). To meet this requirement,

---

[2] Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

plaintiff's complaint must "plausibly alleg[e] a real and immediate threat of repeated injury." Nanni v. Aberdeen Marketplace, Inc., 878 F.3d 447, 455 (4th Cir. 2017). "An organizational plaintiff may establish standing to bring suit on its own behalf when it seeks redress for an injury suffered by the organization itself" or on its members' behalf "when 1) its members would otherwise have standing to sue as individuals; 2) the interests at stake are germane to the group's purpose; and 3) neither the claim made nor the relief requested requires the participation of individual members in the suit." White Tail Park, Inc. v. Stroube, 413 F.3d 451, 458 (4th Cir. 2005).

"An injury is redressable if it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Doe v. Virginia Department of State Police, 713 F.3d 745, 755 (4th Cir. 2013). A plaintiff "must . . . show that he personally would benefit in a tangible way from the court's intervention." Disability Rights South Carolina v. McMaster, 24 F.4th 893, 903 (4th Cir. 2022). "By itself, a declaratory judgment cannot be the redress that satisfies the third standing prong. Rather, plaintiffs must identify some further concrete relief that will likely result from the declaratory judgment. Otherwise plaintiffs with mooted claims of injury could gain federal jurisdiction simply by demanding declaratory relief." Comite de Apoyo a los Trabajadores Agricolas (CATA) v. United States Department of Labor, 995 F.2d 510, 513 (4th Cir. 1993).

Plaintiffs do not assert a redressable injury where they request that the court "enter an order directing NCSBE to decertify its void Hoke County Commissioner's Election/Nomination as unconstitutional; issue [an] order disqualifying Allen Thomas . . .[; and] order NCSBE to place plaintiff [Carr] on North Carolina's 2022 general election ballot," (Compl. ¶ 5), because the laws governing elections in North Carolina do not provide a mechanism for the reversal of an election certification by a federal court. Instead, "the certificate of election. . . conclusively settles prima

5

facie the right of the person so ascertained and declared to be elected to be inducted into . . . the office." Cohoon v. Swain, 5 S.E.2d 1, 3 (N.C. 1939); see also Britt v. Board of Canvassers of Buncombe County, 90 S.E. 1005, 1008 (N.C. 1916) (holding that courts "cannot compel [a board of canvassers] to reconsider its action" once an election has been certified.). "An aggrieved party has the right to appeal a final decision," (N.C.G.S. § 163-182(a)), on an election protest by the State Board of Elections "to the Superior Court of Wake County," but not to a federal court. N.C.G.S. § 163-182.14(b). And when a "person nominated as a candidate of a political party [for an elective county office]. . . becomes ineligible or disqualified," the "county executive committee of [the] political party in which [the] vacancy occurs," not a federal court, appoints a candidate to fill the vacancy. N.C.G.S. § 163-114(a). Accordingly, with respect to reversal of certification plaintiffs have failed to meet the redressability requirement of Article III standing.

Plaintiffs also fail to assert a redressable injury where they request relief in the form of a court "order [for] a special prosecutor outside of the Attorney General's Office, and The NCSBE to Investigate the 'pay for vote scheme.'" (Compl. ¶ 6). "Citizen[s] lack[] standing to contest . . the prosecution or nonprosecution of another" because the coercive effect of criminal prosecution on a defendant is speculative. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also Murphy v. United States, No. 5:18-ct-03058, 2020 WL 578941, at *4 (E.D.N.C. 2020) ("Private citizens have no constitutional or other right to a criminal investigation."). While it is "the duty of the State Board of Elections and the district attorneys to investigate any violations" of North Carolina election law, N.C.G.S. § 163-278, the statute provides no avenue for a federal court to order such an investigation.

In sum, plaintiffs do not meet the redressability requirement of Article III standing where they seek relief that the court lacks jurisdiction to grant.

2. Mootness

In addition and in the alternative, plaintiffs' claims for injunctive relief are moot. "A claim for injunctive relief is moot when there is no effective relief available in federal court." SAS Inst., Inc., 874 F.3d at 389. "Mootness has been described as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n.22 (1997). "A claim is moot when the parties lack a legally cognizable interest in the outcome." SAS Inst., Inc. v. World Programming Ltd., 874 F.3d 370, 389 (4th Cir. 2017).

Here, plaintiffs' claim for injunctive relief is moot where both the primary election for which plaintiff Carr sought to appear on the ballot and the following general election have passed. Assuming arguendo that appearance on a primary election ballot is a personal interest sufficient to support standing, that interest ceased to exist when the election ended.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 21) is GRANTED. This action is DISMISSED WITHOUT PREJUDICE. The clerk is DIRECTED to close this case.

SO ORDERED, this the 6th day of January, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge